[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PROTECTIVE ORDER
WHEREAS, it appears that certain confidential financial information of CT Page 13458-r non-parties to the above-action may be subject to discovery in this action, which may contain confidential and proprietary private financial information of such non-party or other confidential information; and
WHEREAS, such information must be kept confidential in order to protect the legitimate business interests and privacy rights of the parties, as well as legitimate business interests and privacy rights of certain non-parties to this litigation; and
WHEREAS, the non-party entity Arbor Benefit Group Limited Partnership of Farmington, Connecticut has asserted through the defendant, a principal thereof, that its confidential information was developed with considerable effort, is unique, secret, and confidential, and constitutes the exclusive property and trade secret of Arbor, and that disclosure of such information could cause irreparable harm to Arbor, and/or its clients, and/or its investors;
NOW, THEREFORE, upon good cause shown, IT IS HEREBY ORDERED:
 1. In responding to requests for discovery in this action, any party or third party (the "producing party"), including specifically but not limited to Arbor Benefit Group Limited Partnership of Farmington, Connecticut, may designate as confidential any document, testimony, answers to interrogatories, or other information or discovery material which the producing party, in good faith, believes contains sensitive financial or business information. Such designation shall be by written notice identifying the confidential document, testimony, answers to interrogatories, response to requests for admission, or other information or discovery material, or by affixing to each page of such material a legend such as "Confidential," "Confidential Document," "Confidential Material" or words of similar import. The material so designated shall also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such material. Documents so marked and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Order ("Order").
 2. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition. If the designation is made during a deposition with regard to only a portion of the deposition, the reporter attending such deposition shall thereafter bind the transcript CT Page 13458-s thereof in separate portions containing the Non-Confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the confidential portions of the transcript. Notwithstanding the foregoing, counsel have the right to designate the entire deposition transcript as confidential. (The parties may modify this procedure for any particular deposition through agreement of all parties attending such deposition, as reflected on the record of such deposition, without further court order). A copy of this Order shall be appended to the deposition transcript by the court reporter.
 3. All Confidential Material received through discovery in this action shall be used solely for the prosecution and/or defense of this action and shall be copied only as reasonably necessary in the opinion of counsel, and shall not be disclosed, in whole or in part, to any person not directly involved in this dissolution of marriage action, including family members who are not parties to this action.
 4. Any documents that have been produced by any party or non-party prior to this Order that contain or reflect confidential matter may be designated as Confidential Material by notifying counsel for the parties to mark or stamp such documents Confidential Material as indicated above.
 5. Any document not marked as Confidential Material shall not be subject to this Order, provided, however, that inadvertent production of any document without designating such documents as Confidential Material shall not itself be deemed a waiver of the producing party's claim of confidentiality as to such documents, and the producing party may, within thirty (30) days after discovery of the inadvertent production designate the same as Confidential Material. Accordingly, all material produced shall be presumed to be Confidential Material during that thirty (30) day period. Disclosure by any party of such matter prior to notice by the producing party or non-party of the confidential nature thereof shall be deemed a violation of this Order, subjecting the violator and/or his agent to all remedies allowed by law including but not limited to a finding of contempt of court.
 6. Except with the prior consent of the party or non-party asserting confidential treatment, no material designated as Confidential Material pursuant to the previous provisions and no information contained therein may be disclosed orally or in writing, to any person other than: (a) the parties; (b) an expert retained by either party for the purpose of assisting in the preparation of this CT Page 13458-t action; or (c) the Court at any stage in this action, under seal or under such other safeguards as the Court may require.
It is further ordered that producing parties other than the plaintiff or the defendant be presented with a copy of this order when they are to make disclosure and that they be required to acknowledge that they are bound by it by a writing substantially in accordance with Exhibit A hereof.
 7. Counsel shall be responsible for maintaining a list of all persons who, pursuant to paragraph 6 above, sign non-disclosure acknowledgments as well as copies of the signed acknowledgments. For good cause shown, such list and agreements shall be available for inspection by counsel for other parties upon Order of this Court.
 8. Designated Confidential Material used as exhibits to or incorporated in any other manner in briefs, memoranda, transcripts of testimony or other documents filed with the Court shall be protected as follows:
 A. To the extent that any brief, memorandum, transcript of testimony or other document submitted to the Court incorporates or refers to the substance of and information contained in any designated Confidential Material, such brief, memorandum, transcript or testimony or other document or a portion thereof shall be filed under seal; and,
 B. Designated Confidential Material that is otherwise made a party of the record shall be filed with the Court under seal.
 9. Nothing herein shall preclude any party or non-party from raising any available objection or seeking any available protection with respect to any designated Confidential Material, or the contents thereof, including, without limitation, the admissibility of evidence, attorney work product privilege and attorney-client privilege, but the question of admissibility of evidence shall be governed in accordance with applicable discovery rules concerning production of documents and other evidence.
 10. The inadvertent production of any document claimed to be protected from disclosure by the attorney-client privilege, attorney work product privilege or other privilege shall not be deemed a waiver or impairment of any claim of privilege. In the event of the inadvertent production of any document claimed to be protected by the attorney-client and/or work product privilege and/or other CT Page 13458-u privilege and upon receiving written notice that such documentation have been inadvertently produced, all such documents and any copies thereof shall be returned to the producing party within three (3) business days of receipt of notice from the producing party. Any written notice pursuant to this provision must be provided within seven (7) days of the identification of the exhibits, at least (30) days prior to the commencement of trial of such notice shall be of no effect. Any party claiming to be aggrieved by this paragraph shall be heard at short calendar.
 11. Within thirty (30) days of the final conclusion of this action, including without limitation, any appeal or re-trial, every person to whom designated Confidential Material has been disclosed shall return to counsel for the producing party or to the non-party all such designated confidential matter, including copies thereof.
 12. After the termination of this action, this Stipulation and Protective Order shall continue to be binding upon the parties hereto and all persons to whom designated Confidential Material has been disclosed or communicated. This Order shall survive the entry of judgment and may be made part of the judgment of the court in the discretion of the trial judge.
 13. Any parties subject to this Order may at any time apply to the Court for relief for any provision of this Order, and this Protective Order may be modified in the event the parties agree to a modification of the provisions hereof or such modification is ordered by this Court.
 14. Both parties shall sign a copy of this Order acknowledging that they have read and understood it completely.
 15. Nothing in this Protective Order shall be deemed to prevent the parties' attorneys or the employees of those attorneys from having complete access to every document produced and the complete transcript of every deposition. Said attorneys and their employees shall not disclose confidential information except as provided in this Protective Order.
SO ORDERED
F. Herbert Gruendel Judge CT Page 13458-v